UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMRA M. BUTTERFIELD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 1:20-cv-850

Hon. Hala Y. Jarbou

## **ORDER**

On September 20, 2022, the magistrate judge issued a Report and Recommendation (R&R) (ECF No. 35), recommending that the Court grant Plaintiff's request for fees in part. Before the Court is Plaintiff's objection (ECF No. 36) to the R&R.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The parties stipulated to the amount of fees to award Plaintiff. Plaintiff sought reimbursement for 38.85 hours of attorney time and 3.45 hours of time by a legal assistant. The magistrate judge recommends awarding the fees for the legal assistant and 27 hours of time for the attorney, rather than 38.85. When reducing the attorney hours to 27, the magistrate judge indicated that other courts have concluded that 20 to 30 hours of time is typical for a social security appeal. And although counsel did not represent Plaintiff at the administrative level and would have lacked

familiarity with the administrative record, the magistrate judge noted that "the medical portion of the record was not unusually extensive, and counsel raised only three issues in the brief." (R&R 3.)

Plaintiff objects that the magistrate judge did not account for the size of the administrative record, which is over 1,000 pages long.  To the contrary, the magistrate judge expressly discussed the medical portion of the record, which is typically the most relevant and most difficult portion of the record to sort through in this type of case.  Furthermore, an administrative record comprising over 1,000 pages of documents is not unusual.

Plaintiff contends that the magistrate judge mentioned Plaintiff's initial brief but did not account for the time spent by her attorney reviewing the Government's response brief and preparing a reply.  That contention is unsupported.  The magistrate judge referenced the amount of time that attorneys typically allocate to a social security appeal.  Almost every such appeal involves the preparation of an initial brief by the plaintiff followed by review of the Government's response and a reply to that response.  The magistrate judge discussed Plaintiff's initial brief only for the purpose of mentioning the number of issues that Plaintiff raised in this case.

Plaintiff argues that other courts have concluded that somewhere between 20 and 40 hours is typical.  That may be so, but every case is different.  The magistrate judge considered the facts of this particular case when arriving at an appropriate calculation.

Finally, Plaintiff argues that the magistrate judge failed to identify the particular hours that she rejected, but the Court discerns no error in the magistrate judge's approach.  The magistrate judge reasoned that, in light of the record, the number of issues, and counsel's familiarity with the case, an award for slightly over 30 hours of total work was appropriate.  In doing so, the magistrate judge adequately "identif[ied] the hours rejected and specif[ied] with particularity the reasons for their rejection."  *Glass v. Sec'y of Health & Hum. Servs.*, 822 F.2d 19, 22 (6th Cir. 1987).  This

case is not like *Glass*, in which the reviewing judge used a template order that failed to consider the facts of the particular case. *Id.* at 20.  In short, the Court discerns no error in the R&R.

Accordingly, for all the foregoing reasons,

**IT IS ORDERED** that Defendants' objection (ECF No. 36) to the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 35) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the parties' stipulation for an award of attorney's fees (ECF No. 31) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiff's fees under the Equal Access to Justice Act (EAJA) in the amount of $5,873.25 ($5,528.25 for attorney time and $345.00 for legal assistant time).  This award will satisfy all of Plaintiff's claims for fees, costs, and expenses under 28 U.S.C. § 2412 in this case.  Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy pre-existing debt that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), but if counsel for the parties can verify that Plaintiff owes no pre-existing debt subject to offset, Defendant agrees to direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment signed by Plaintiff and counsel.

Dated: December 20, 2022         /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE